945 F.2d 409
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Louis Butler O'NEAL, Plaintiff-Appellant,
v.
D.M. HELFLICK, Correctional Officer of Old Folsom, Defendant-Appellee.
 No. 90-15073.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1991.*
Decided Oct. 8, 1991.
 
 Before HUG, WILLIAM A. NORRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Louis Butler O'Neal, a California state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action as frivolous under 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We review the district court's dismissal of an action pursuant to 28 U.S.C. § 1915(d) de novo. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Neitzke, 490 U.S. at 325; McKeever, 932 F.2d at 798 ("A complaint is frivolous only if it contains 'inarguable legal conclusion[s]' or 'fanciful factual allegations' " (quoting Neitzke)). In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). If the plaintiff has an arguable claim, he is entitled to issuance and service of process. Jackson, 885 F.2d at 640.
 
 
 5
 To state a section 1983 claim, the plaintiff must allege facts showing that a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327, (1986); Jackson, 885 F.2d at 641. Furthermore, a pretrial detainee states a section 1983 claim under the due process clause of the fourteenth amendment by alleging intentional brutality or an unprovoked assault by a prison guard. See Smith v. City of Fontana, 818 F.2d 1411, 1417 (9th Cir.1987); McRorie v. Shimoda, 795 F.2d 780, 785 (9th Cir.1986).
 
 
 6
 O'Neal's amended complaint alleges that he has suffered physical injuries and mental anguish because correctional officer Helflick shot at O'Neal with malicious intent to kill him in violation of his civil rights. The district court dismissed O'Neal's action without prejudice under section 1915(d) on the ground that O'Neal's amended complaint failed to allege facts sufficient to support a claim that Helflick's actions violated his eighth and fourteenth amendment rights.
 
 
 7
 We cannot say from the face of O'Neal's complaint, however, that his claims lack an arguable basis in law or fact. Thus because O'Neal has an arguable claim, he is entitled to issuance and service of process. Jackson, 885 F.2d at 640.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3