952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert BRIGAERTS, Plaintiff-Appellant,
v.
Sheriff CARDOZA; San Mateo County Board of Supervisors;
San Mateo Superior Court, Defendants-Appellees.
 No. 91-15437.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 15, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Brigaerts, a California state prisoner, appeals pro se the district court's dismissal of his civil rights complaint against prison officials. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Jackson v. Arizona, 885 F.2d 639, 640 (9th cir. 1989), and affirm in part, vacate in part, and remand.
 
 
 3
 We construe the district court's dismissal of Brigaerts's complaint prior to service of process as a dismissal pursuant to 28 U.S.C. § 1915(d). Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. at 325; McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). In civil rights cases if the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). If the plaintiff has an arguable claim, he is entitled to issuance and service of process, even if the complaint does not state a claim under Fed.R.Civ.P. 12(b)(6). Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Brigaerts filed his original complaint alleging denial of access to the courts, inadequate medical treatment, and various civil rights violations concerning conditions of confinement in the San Mateo County Jail. The district court dismissed the complaint with leave to amend, notifying Brigaerts of the need to allege particular defendants who were responsible for specific constitutional violations. Brigaerts then filed his amended complaint in which he identified which defendants were responsible for which violations. The district court then dismissed Brigaerts's amended complaint for failure to state a claim pursuant to Rule 12(b)(6).
 
 
 6
 The district court correctly dismissed Brigaerts's claims regarding access to justice. The district court had no authority to appoint counsel for Brigaerts in a civil proceeding in state court. The denial of Brigaerts's petitions for writs by the state court without opinion is not a denial of due process, and Brigaerts can challenge those decisions by appealing to higher state courts. Finally, Brigaerts's claim that the law library was inadequate lacked an arguable basis in law because Brigaerts admitted that he was provided with assistance from a person trained in law. See Bounds v. Smith, 430 U.S. 817, 828 (1977). Accordingly, we affirm the district court's dismissal of these claims as frivolous. See Jackson, 885 F.2d at 640-41.
 
 
 7
 The district court correctly dismissed Brigaerts's claims for injunctive relief because Brigaerts was no longer housed in the San Mateo County Jail. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991). The district dismissed Brigaerts's claims for damages for inadequate medical treatment and conditions of confinement because Brigaerts had failed to allege harm. The district court did not, however, notify Brigaerts of the failure to allege harm. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987); Karim-Panahi, 839 F.2d at 623.
 
 
 8
 Repeated exposure to contagious diseases may violate the eighth amendment if prison officials show deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982). Inadequate conditions of confinement also may constitute cruel and unusual punishment if prison officials show deliberate indifference. See Wilson v. Seiter, 111 S.Ct. 2321, 2327 (1991); Jackson, 885 F.2d at 641; Hoptowit v. Spellman, 753 F.2d 779, 783 (9th Cir.1985); Hoptowit v. Ray, 682 F.2d at 1249; Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979). Thus, Brigaerts's claims have an arguable basis, as the district court noted in its order of dismissal. The district court incorrectly dismissed the complaint prior to service of process without notifying Brigaerts of the need to to allege harm. See Noll, 809 F.2d at 1448; Karim-Panahi, 839 F.2d at 623. Accordingly, we remand for issuance and service of process. See Jackson, 885 F.2d at 640-41.
 
 
 9
 AFFIRMED in part, VACATED in part, and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Brigaerts's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3