967 F.2d 585
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roger Lee CLARK; Gayle E. Bradfield, Plaintiffs-Appellants,
v.
LASSEN COUNTY JUSTICE COURT, Defendant-Appellee.
 No. 91-35939.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 24, 1992.*
Decided July 6, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roger L. Clark and Gayle E. Bradfield appeal pro se the district court's dismissal of their civil rights complaint as frivolous under 28 U.S.C. § 1915(d).[1] Plaintiffs contend that they were denied due process and equal protection by a state judge and the Lassen County Justice Court because they were required either to forfeit bail or appear in person on a traffic citation. The district court adopted the findings and recommendation of the magistrate judge and concluded that plaintiffs asserted no basis for the court to find that defendants had violated their due process rights, and asserted no grounds for the court to exercise jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a dismissal under 28 U.S.C. § 1915(d) for abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A frivolous complaint is one that lacks an arguable basis either in law or in fact. Id. Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 In the absence of great and immediate irreparable injury to the federal plaintiff, federal district courts have no authority to restrain ongoing state court judicial proceedings. Moore v. Sims, 442 U.S. 415, 433-35 (1979) (citing Younger v. Harris, 401 U.S. 37 (1971)).
 
 
 6
 Here, there is no indication that the plaintiffs will suffer great and irreparable injury justifying federal court intervention. Accordingly, the district court lacked jurisdiction to review plaintiffs' claims against the Lassen County Justice Court. See Moore, 442 U.S. at 433-35. Thus, because plaintiffs' complaint lacks an arguable basis in law or fact and because the complaint's deficiencies cannot be cured by amendment, the district court did not abuse its discretion by dismissing the complaint as frivolous. See McKeever 932 F.2d at 798; Noll, 809 F.2d at 1448.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed the in forma pauperis complaint sua sponte before service of process. We review this dismissal as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)