976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael C. MEEKS, Plaintiff-Appellant,
v.
Harold HUBER, individually, not in his official capacity;
George Robinson, individually, not in his official capacity;
Sue Wright; Wanda Keefer; Whirlpool Company Corporation;
Alexis Risk Management Corporation, et al.; Dan Lundgren;
Michael R. Capizzi, Defendants-Appellees.
 No. 91-56432.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Meeks appeals pro se the district court's sua sponte dismissal of his civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review for an abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We vacate and remand.
 
 
 3
 We construe the district court's dismissal of Meeks's complaint prior to service of process as a dismissal pursuant to 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989). An in forma pauperis complaint may be dismissed before service of process under 28 U.S.C. § 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process, even if the complaint does not state a claim under Fed.R.Civ.P. 12(b)(6). Denton, 112 S.Ct. at 1733; Jackson, 885 F.2d at 640-41. Moreover, before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 Here, the district court dismissed Meeks's complaint because it did not contain "a short and plain statement of the claim" showing entitlement to relief as required by Fed.R.Civ.P. 8(a). See McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991) (Rule 8(a) requires that the complaint set forth a short plain statement sufficient to put defendants on notice of the claims against them). Meeks's complaint is verbose, confusing, and lacks a short, plain statement of the causes of action. See id. Moreover, many of the allegations appear to be frivolous. See Neitzke, 409 U.S. at 324. The district court, however, did not give Meeks an opportunity to amend his complaint to comply with Rule 8(a) nor did the court make a determination that all the allegations in the complaint lacked an arguable basis in law or fact. See id.
 
 
 5
 If a complaint is so inartfully plead that the district court is unable to make a frivolousness determination under section 1915(d), then the court should allow the plaintiff an opportunity to amend the complaint to enable the court to determine whether the claims asserted have an arguable basis in law or in fact. Such a standard comports with our holdings in both Jackson and McKeever. See Jackson, 885 F.2d at 639-40; McKeever, 932 F.2d at 796-98. Because Meeks was not afforded such an opportunity, we vacate and remand for proceedings consistent with our decision.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3