980 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joseph McINERNEY, Plaintiff-Appellant,
v.
John SUTTER; James Lambden, Judge; Agretelis Demetrios,
Judge; Ken Kawaichi, Judge, et al., Defendants-Appellees.
 No. 92-15957.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joseph McInerney appeals pro se the district court's order dismissing his action as frivolous under 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1730 (1992), and we affirm.
 
 
 3
 An in forma pauperis complaint may be dismissed sua sponte before service of process under section 1915(d) only if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A complaint is frivolous "where it lacks an arguable basis in law or fact." Neitzke, 490 U.S. at 325. Accordingly, the district court may dismiss a complaint that is based on meritless legal theory, or factual contentions that are clearly baseless. Neitzke, 490 U.S. at 327.
 
 
 4
 McInerney brings this action against several judges of the superior court of Alameda county on behalf of "all other persons similarly situated, who are either now, in the past, or in the future, will be litigants in the county of Alameda, State of California." McInerney contends that the judges conspired with one another and with defense counsel to improperly designate him a vexatious litigant.
 
 
 5
 Here, McInerney's class of plaintiffs is too broad to establish subject matter jurisdiction and his claim against the judges of the superior court is barred by absolute immunity. See Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (judges absolutely immune for judicial acts taken within the jurisdiction of their courts). Moreover, this court lacks jurisdiction to consider "direct challenges to final decisions of state courts even if those challenges allege that the state court's action was unconstitutional." Allah v. Superior Court, 871 F.2d 887, 890 (9th Cir.1989). Accordingly, because McInerney's complaint lacks an arguable basis in law, the district court did not abuse its discretion by dismissing McInerney's action as frivolous. See Denton, 112 S.Ct. at 1730.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3