983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lorenzo ARTEAGA, Plaintiff-Appellant,
v.
James K. ROWLAND, Defendant-Appellee.
 No. 91-16572.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 11, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Lorenzo Arteaga appeals pro se the district court's 28 U.S.C. § 1915(d) dismissal of his 42 U.S.C. § 1983 civil rights action alleging that prison officials conspired to deprive him of access to the courts. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review a dismissal under 28 U.S.C. § 1915(d) for abuse of discretion. See Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 4
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A frivolous complaint is one that lacks an arguable basis either in law or in fact. Id. Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1991).
 
 
 5
 It is well established that prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). To maintain a claim of denial of access to the courts under section 1983, however, a prisoner must allege either (1) inadequate law libraries or alternative sources of legal knowledge, or (2) a specific instance in which he or she was actually denied access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989).
 
 
 6
 In his complaint, Arteaga alleges that prison officials have generally conspired to deprive him and others of access to the courts. He alleges neither that the prison law libraries are inadequate due to the alleged conspiracy, nor a specific instance in which the alleged conspiracy actually denied him access to the courts. See id. The magistrate judge accordingly dismissed Arteaga's complaint sua sponte under section 1915(d), but afforded Arteaga leave to amend with instructions on how to cure the complaint's deficiencies.
 
 
 7
 In his amended complaint, Arteaga repeats his allegation that prison officials conspired to deny him access to the courts. Arteaga again fails to allege either inadequate law libraries or a specific instance of denial of access to the courts. Although Arteaga also claims that the defendants have refused to send his legal mail, he alleges no facts to support this claim. Accordingly, because Arteaga has failed to allege claims with an arguable basis in law or fact, the district court did not err by dismissing his action under section 1915(d). See McKeever, 932 F.2d at 798; Jackson v. Arizona, 885 F.2d 639, 640-41 (9th Cir.1989).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3