988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald L. BADE, Plaintiff-Appellant,
v.
STATE OF WASHINGTON; Booth Gardner; Amos E. Reed; et al.,
Defendants-Appellees.
 No. 92-35336.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-91-1144-JCC; John C. Coughenour, District Judge, Presiding.
 W.D.Wash.
 VACATED AND REMANDED.
 Before GOODWIN, SCHOREDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald L. Bade, a former Washington state prisoner, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. § 1983 action prior to service of process for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand for issuance and service of process.
 
 
 3
 We review the district court's sua sponte dismissal of an action prior to service of process for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process, even if the complaint does not state a claim under Fed.R.Civ.P. 12(b)(6). Denton, 112 S.Ct. at 1733; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Bade filed his complaint naming 31 defendants and alleging numerous civil rights violations in a rambling and vague narrative. The magistrate judge dismissed the complaint with leave to amend and gave Bade instructions on how to allege a civil rights cause of action. Bade filed an amended complaint naming the same defendants and alleging numerous civil rights violations. Bade alleged that defendants unlawfully arrested, charged, tried and convicted him pursuant to a conspiracy, and interfered with his right to appeal. Specifically, Bade alleged he was arrested without a warrant, he was denied a jury trial, his plea bargain was not voluntary, and he was denied a copy of his trial transcript which he needed to prepare his appeal. Bade also alleged prison officials violated his constitutional rights by denying him access to legal materials and depriving him of food. The district court dismissed the action without prejudice on the ground that Bade's complaint failed to state a cause of action.
 
 
 6
 The district court may properly dismiss a complaint sua sponte prior to service of process only if it is frivolous. McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). Thus, the district court erred by dismissing Bade's complaint on the ground that it failed to state a claim. See id.; Jackson, 885 F.2d at 640. Furthermore, we cannot say from the face of Bade's complaint that his action is wholly frivolous. See Neitzke, 490 U.S. at 325. Accordingly, we vacate and remand for issuance and service of process.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Bade's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3