988 F.2d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Monroe JONES, Plaintiff-Appellant,
v.
DAVIS, Warden, Assoc. Warden 11 Nelson, R. Hernandez, R.
Kral, Defendants-Appellees.
 No. 92-15495.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-92-00033-JPV; John P. Vukasin, Jr., District Judge, Presiding.
 N.D.Cal.
 VACATED AND REMANDED.
 Before GOODWIN, SCHOREDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Monroe Jones, a California State prisoner, appeals pro se the district court's dismissal prior to service of process of his 42 U.S.C. § 1983 action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand for issuance and service of process.
 
 
 3
 We review the district court's sua sponte dismissal of an action prior to service of process for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process, even if the complaint does not state a claim under Fed.R.Civ.P. 12(b)(6). Denton, 112 S.Ct. at 1733; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Jones alleged that he was denied access to the courts when he was denied legal-size envelopes and lined legal paper. Jones also alleged that prison officials retaliated against him for filing grievances by depriving him of meals, showers, bedding, and changes of clothing. Jones sought injunctive relief and damages.
 
 
 6
 The district court found that Jones's complaint failed to state a claim upon which relief could be granted and dismissed the complaint without prejudice with 30 days leave to amend. The district court provided that if Jones failed to amend within 30 days, the complaint would be dismissed with prejudice. Jones did not amend, and final judgment was entered.
 
 
 7
 The district court may properly dismiss a complaint sua sponte and before service of process only if it is frivolous. See 28 U.S.C. § 1915(d); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). Thus, the district court erred by dismissing Jones's complaint on the ground that it failed to state a claim. See id.; Jackson, 885 F.2d at 640. Furthermore, we cannot say from the face of Jones's complaint that his action is wholly frivolous. Although Jones must allege actual injury resulting from deprivation of materials to state a claim for denial of access to the courts, this defect can be cured by amendment. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Jones's allegation that he was deprived of food, showers, bedding, and clean clothes states an arguable claim under the eighth amendment. See Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). Finally, Jones's claim that prison officials retaliated against him for filing grievances has an arguable basis in law independent of any eighth amendment violation. See Thomas v. Carpenter, 881 F.2d 828, 830 (9th Cir.1989), cert. denied, 494 U.S. 1028 and 497 U.S. 1003 (1990). Accordingly, because Jones's action has an arguable basis in law and fact, we vacate and remand for issuance and service of process. See Jackson, 885 F.2d at 640.
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3