996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John A. BURGESS; Virginia G. Burgess, Plaintiffs-Appellants,
v.
BANK OF CREDIT AND COMMERCE INTERNATIONAL, et al.
Defendants-Appellees.
 No. 92-16160.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 14, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John A. Burgess, an attorney, Virginia Burgess, his wife, and Peter S. Burgess, their minor son, appeal the district court's dismissal, pursuant to 28 U.S.C. § 1915(d), of their RICO and civil rights action against various defendants. We have jurisdiction under 28 U.S.C. § 1291, and we review for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We affirm.
 
 
 3
 A district court is authorized to dismiss an action brought in forma pauperis if the complaint is frivolous or malicious. 28 U.S.C. § 1915(d). The district court's sua sponte dismissal of a complaint as frivolous is proper if the complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A claim lacks an arguable basis in fact "when the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 112 S.Ct. at 1733.
 
 
 4
 The Burgess's complaint alleges a wide-ranging conspiracy to disbar, discredit, and imprison John Burgess, and render his wife and child homeless. The named defendants include the Federal Bureau of Investigation (FBI), the Central Intelligence Agency (CIA), the Bank of Commerce and Credit International (BCCI), the State Bar of California, Edwin Meese, William Casey, Richard Thornburgh, Robert Gates, William Barr, William Webster, the County of Alameda, various lawyers and law firms and Chief Judge Thelton Henderson, among others. Burgess alleges that, while he was representing the plaintiffs in a civil lawsuit, the defendants conspired to stop him from discovering an alleged connection between the defendant of that lawsuit and BCCI. This conspiracy included paying off lawyers and law firms, illegally searching Burgess' office, filing complaints with the State Bar of California, bribing Chief Judge Henderson to convict Burgess of crimes of which he was not guilty, embezzling funds to which Burgess was entitled, and underpaying Burgess for a lecturing position at Pepperdine University.
 
 
 5
 The district court dismissed the complaint as frivolous pursuant to 28 U.S.C. § 1915(d). The district court stated that the claims "appear to be the product of a grandiose, self-centered imagination" and that the allegations in the complaint "are fanciful, incredible and ludicrous." We agree that the complaint is factually frivolous. See Denton, 112 S.Ct. at 1733. Accordingly, the district court did not abuse its discretion in dismissing the complaint.[1]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Burgess also contends that the denial of his motion to recuse the district court judge was an abuse of discretion. Burgess claims that, because Judge Patel had knowledge of the facts of his criminal conviction, she could not act impartially in the instant case. However, Burgess has not alleged any facts tending to call Judge Patel's impartiality into question. Therefore, the motion was properly denied