Edward McKEEVER, Jr.,
Petitioner–Appellant,

v.

Sherman BLOCK, et al.,
Respondent–Appellee.

No. 89–55552.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 1990.*

Decided May 2, 1991.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Edward McKeever, Jr., in pro per.

No appearance for defendant-appellee.

Before FLETCHER, BOOCHEVER and WIGGINS, Circuit Judges.

BOOCHEVER, Circuit Judge:

Edward McKeever Jr., *pro se*, appeals the dismissal of his § 1983 action for failure to prosecute. McKeever appears to argue that, in ordering his civil rights action dismissed, the district judge erred because that order was based upon an erroneous belief that McKeever was obliged, but

failed, to file a second amended complaint. We reverse and remand.·

## BACKGROUND

Between January 5, 1988 and January 14, 1988, McKeever stood trial for the attempted murder of his then wife. During the nine-day state trial in which he represented himself, McKeever claims he was taken daily from his cell at 5:30 a.m. and not returned until at least 11:45 p.m. each night. He contends that this abnormal transportation schedule deprived him of adequate sleep, food, necessary medication, library access and preparation time. All of these deprivations are alleged to have infringed his right to a fair trial by diminishing his capacity for adequate self-representation.

In his original complaint, McKeever specifically charged that, by resort to the unusual transportation procedures, Los Angeles County Sheriff Block, several Doe deputies responsible for transporting inmates to and from court, and a Doe commander of the Los Angeles County Jail had deprived him of a fair trial. Moreover, McKeever named a Doe Director of Medical Services for the Los Angeles County Jail and several nurses for denial of medication for his diabetes, before, during, and after trial.

The district judge referred McKeever's action to a magistrate who, before allowing the complaint to be served on the defendants, dismissed McKeever's complaint with leave to amend by minute order issued December 7, 1988.[1] The magistrate expressly required that any amended complaint stand on its own, without reference to the original complaint.

In apparent response on December 14, 1988, McKeever filed the following letter critical of the magistrate's order of dismissal of the complaint:

> After reading those document, then comparing the complaint to it, and reading the cases cited, then researching them, I

---

1. Rule 1.11.05 of the Local Rules Governing Duties of Magistrates for the Central District of California (Local Magistrates Rules) permits a magistrate to dismiss a complaint with leave to amend although he is prohibited by 28 U.S.C. § 636(b)(1)(A)(1988) from dismissing an action either for failure to state a claim or for failure to prosecute.

Edward McKeever Jr. had a great big bellie laugh, and then looked for the signature, to see if Pee Wee Herman had sign it. The complaint stands as written, no amended complaint will be offered. I wonder if this Magistrate had order to see any transportation or medical records from the Sheriff Dept. I am sure he hasn't, for this Magistrate continues to show extreme prejudice. This letter with a arguement will be forward with all other documents to be review, to prove my case....

The letter made no express reference for whose review it was intended. And contrary to its promise, there is no evidence that any argument or additional documentation was forwarded to the court for review. One day later, the magistrate issued a Report and Recommendation urging the action be dismissed for failure to prosecute. The district court, however, took no action with respect to that Report and Recommendation.[2]

On February 16, 1989, McKeever sent, and the magistrate accepted, an amended complaint. The amended complaint once again complained of the manner and circumstances of McKeever's daily transportation during his criminal trial. It named all the defendants included in the original complaint.[3] The amended complaint included a new allegation that the unusual transportation procedures resulted from a conspiracy among several defendants to obscure the fact that the number of inmates incarcerated exceeded established maximum prison capacities. It also realleged that the nurses and the Doe Medical Director deprived him of necessary medication. With one minor exception, however, the amended complaint failed to allege the particular days upon which the challenged activities occurred.

The magistrate dismissed the amended complaint for failure to disclose when the alleged events occurred. Once again, leave to amend was granted. McKeever did not amend by the magistrate's deadline. The magistrate then filed a Report and Recommendation directing that McKeever's action be dismissed for failure to prosecute. Despite McKeever's objection to the Report and Recommendation, the magistrate filed a Final Report and Recommendation urging dismissal. Adopting the recommendation, the district judge ordered the action dismissed. McKeever now appeals.

### DISCUSSION

■ A district court may *sua sponte* dismiss an action for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). But a case should be dismissed only for an unreasonable failure to prosecute. *See Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980)). Such a dismissal will be reviewed for an abuse of discretion. *See Franklin v. Murphy*, 745 F.2d 1221, 1232 (9th Cir. 1984) (citations omitted). Accordingly, we must decide whether the district judge abused his discretion in finding an unreasonable failure to prosecute.

Whether the failure to prosecute was unreasonable depends on whether McKeever's amended complaint was properly dismissed without service on the defendants. The refusal to file a second amended complaint would not be unreasonable if the first amended complaint was dismissed erroneously. While the magistrate can dismiss complaints with leave to amend, the district court necessarily must review that decision before dismissing the entire action. Otherwise, operation of the Local Rule might insulate from review rulings upon

---

**2.** McKeever does not appear to have objected to the Report and Recommendation. Failure to do so ordinarily is deemed consent to its entry and a waiver of appeal. Because the district court never formally adopted the Report and Recommendation, and because the magistrate accepted an ostensibly untimely amended complaint, we conclude the court excused these procedural shortcomings.

**3.** In the amended complaint, McKeever made passing reference to the magistrate. We refuse to construe this reference as an attempt to name the magistrate as a defendant. Moreover, any such attempt would clearly fail.

which the district judge is constitutionally and statutorily compelled to pass. *See Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir.1983) ("The delegation of duties to the magistrate does not violate Article III if the ultimate decision is made by the district court."). *See also* 28 U.S.C. § 636(b)(1)(A)(1988).

### The Amended Complaint

■ Although the magistrate correctly noted that the amended complaint failed to specify when the challenged activities occurred, Fed.R.Civ.P. 8(a) does not explicitly demand such detail. It requires a short and plain statement of the claim showing entitlement to relief. All that is required are sufficient allegations to put defendants fairly on notice of the claims against them. *See Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1202 (2d ed. 1990). With respect to *pro se* litigants this burden is relaxed. *See Karim–Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir.1988) (pleadings of *pro se* civil rights plaintiff to be construed liberally, affording plaintiff benefit of any doubt). Because the amended complaint referred to McKeever's criminal trial, the dates of the alleged misconduct readily could be ascertained. The amended complaint therefore gave the defendants fair notice of the claims against them.

■ McKeever's complaint could properly be dismissed *sua sponte* and before the filing of responsive pleadings only if it were frivolous. *See* 28 U.S.C. § 1915(d). *See also Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Franklin,* 745 F.2d at 1226. A complaint is frivolous only if it contains "inarguable legal conclusion[s]" or "fanciful factual allegations." *Neitzke,* 109 S.Ct. at 1833. Under such a standard, McKeever's amended complaint is not frivolous. The facts alleged are not fanciful; they do not describe delusional scenarios. *See id.* If true, they state colorable legal claims. Because they failed to discuss the complaints' allegations in terms of frivolous-

ness, we cannot be certain that the magistrate and district judge applied the proper standard in dismissing before service of process. In any event, because we hold that the amended complaint was not frivolous, we conclude that the district court abused its discretion in dismissing the amended complaint for failure to prosecute.

### The Original Complaint

The magistrate also dismissed McKeever's original complaint, with leave to amend, for failure to state a claim. Because the dismissal of a complaint with leave to amend is a non-dispositive matter, *see* Local Magistrates Rule 1.11.05, review of the original complaint by the district court, and consequently by this court, is not automatic.

Congress has established a system, to which the judges of the Central District of California have contributed by their promulgation of related rules, by which magistrates are to be employed in order to ease the burden on the district judges. *See* 28 U.S.C. § 631–639 (1988); Local Magistrates Rules. Article III of the United States Constitution imposes limitations upon the role which the magistrates, who are not Article III judges vested with life tenure or salary protections, can play. Therefore, with respect to dispositive matters, a magistrate is only permitted to make recommendations for final disposition by an Article III judge who reviews his findings and recommendation, if objected to, de novo.

As to non-dispositive matters, Article III appears to create no bar to a greater role for magistrates. Therefore, a magistrate can, for example, dismiss a complaint with leave to amend without approval by the court. District court review of even these non-dispositive matters, however, can be compelled upon objection of the party against whom the magistrate has ruled. Fed.R.Civ.P. 72(a) provides that:

> The district judge to whom the case is assigned shall consider objections made by the parties, provided they are served and filed within 10 days after the entry of the order, and shall modify or set aside any portion of the magistrate's or-

der found to be clearly erroneous or contrary to law.

Similarly, 28 U.S.C. § 636(b)(1)(A) provides in pertinent part that "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) [non-dispositive matters] where it has been shown that the magistrate's order is clearly erroneous or contrary to law." In addition, the Local Magistrates Rules provide that:

> Within ten (10) days of an oral ruling which the Magistrate indicates will not be followed by a written ruling, or within ten (10) days of service upon him of a written ruling, order, or judgment, any party aggrieved by a Magistrate's decision may file (original and two copies) and serve a motion for review and reconsideration before the Judge to whom the case is assigned, specifically designating the portions of the decision objected to and specifying wherein such portions of the decision are clearly erroneous or contrary to law, with points and authorities in support thereof.

Local Magistrates Rule 3.3.01.

Here, for the original complaint to be brought properly before the district court, McKeever had to bring to the district court's attention any objection to the magistrate's dismissal within ten days of the order. Thus, we must decide whether McKeever's December 14 letter expressing disapproval of the magistrate's action constituted a motion for reconsideration.

Ordinarily, where a *pro se* litigant submits a letter expressing disapproval of an adverse magistrate's ruling on a non-dispositive matter within the allotted time period, we would deem the letter, however inartful, a motion for reconsideration so long as it reasonably apprised the district court that the magistrate's ruling was being contested. In this regard, McKeever's letter poses a number of problems. First, it was not addressed specifically to the district court. Second, the district court

reasonably could not have been expected to treat the letter, standing alone, as a motion for reconsideration as it referenced a further filing which never materialized. By describing further filings of arguments and documentation, and not specifically requesting a review of the magistrate's decision, the letter reasonably could be construed not to be a motion for reconsideration. Therefore, it is understandable that the court never addressed it as such. Thus, the magistrate's dismissal of the original complaint was not subject to review.[4]

## CONCLUSION

Because McKeever's amended complaint was not frivolous, he was entitled to stand on it without further amendment. Consequently, his refusal to file a second amended complaint did not constitute an unreasonable failure to prosecute. We therefore REVERSE the district court's dismissal for failure to prosecute. Upon remand, the court should order service of the amended complaint upon the defendants. Given the peculiar circumstances of this case, however, the court may wish to consider any motion by McKeever to file a further amended complaint explicit as to dates and other details that might benefit the court and the parties in better understanding the claims, especially as such detail was furnished in the original complaint.

**REVERSED and REMANDED**

---

**4.** We do note that, applying the same standards for determining whether a *pro se* complaint may be dismissed for frivolity as discussed with reference to the amended complaint, we believe the original complaint was legally sufficient. Because we find that McKeever's letter was not an adequate Rule 72(a) objection, however, we need not decide whether his filing of the amended complaint would act as a waiver of a valid Rule 72(a) objection to the original complaint.