953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dean Clifton GILBERT, Plaintiff-Appellant,
v.
STATE OF ARIZONA, et al., Defendant-Appellee.
 No. 90-16056.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1991.*
Decided Jan. 21, 1992.
 
 Before WILLIAM A. NORRIS and DAVID R. THOMPSON, Circuit Judges, and EZRA, District Judge**
 MEMORANDUM***
 OVERVIEW
 Dean Clifton Gilbert ("Gilbert") appeals, pro se, the district court's judgment dismissing his civil rights action against the State of Arizona, three state agencies, prison officials and treating physicians. The district court dismissed the complaint prior to issuance of process, finding that Gilbert failed to state a claim of deliberate indifference on the part of defendants to his serious medical needs, and that the action was barred against all state defendants in their official capacities. We affirm the judgment as to the State of Arizona, the three state agencies, and the two treating physicians, and reverse as to all other defendants and remand to the district court for issuance and service of process.
 BACKGROUND
 On April 2, 1990, Gilbert, an inmate in the custody of the Arizona State Department of Corrections, filed a complaint under 42 U.S.C. § 1983 against the State of Arizona, the Arizona State Department of Corrections ("ADOC"), the Arizona State Prison Complex in Tucson, Arizona ("Tucson Complex"), the Rincon Unit of the Arizona State Prison Complex in Tucson, Arizona ("Rincon Unit"), three prison officials and two treating physicians. Gilbert also filed a petition to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a), which was granted.
 Gilbert's complaint alleges that while in the custody of the ADOC, he broke the little finger of his right hand while playing volleyball. He was thereafter treated by Dr. Castaros and Dr. Medlen[1] and surgery was performed to straighten his finger. Gilbert alleges that the delay in having the surgery performed to place pins in his fractured finger left his finger in a crippled and deformed state. Specifically, Gilbert alleges that the surgery was delayed because the scheduled date for the surgery fell on a holiday weekend, and prison officials refused to transport him to the hospital for the surgery because they would have to pay overtime.
 Gilbert contends that prison officials delayed in getting the pins removed from his finger, which resulted in his finger becoming badly infected, and that prison officials deprived him of pain medication and antibiotics needed for treatment of his injury. With regard to the treating physicians, Gilbert alleges that they failed to properly diagnose and/or correctly treat his injury.
 On July 2, 1990, the district court, prior to service of the complaint on defendants, sua sponte dismissed the complaint for failure to state a claim under § 1983. The district court found that Gilbert failed to state a claim of deliberate indifference to his serious medical needs as required under Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976), and that his claims of deliberate indifference to his medical needs lacked even an arguable basis in either fact or law. The district court additionally held that the State of Arizona, the ADOC, the Tucson Unit, the Rincon Unit, and the prison officials could not be sued in their official capacities as officials for the State of Arizona under Will v. Michigan, 491 U.S. 58, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989).
 DISCUSSION
 28 U.S.C. § 1915(d) authorizes courts to dismiss in forma pauperis claims "if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). There is no evidence in the record that Gilbert's representation of poverty is untrue, or that the action is malicious. Accordingly, the action could be dismissed sua sponte and before the filing of responsive pleadings only if it were frivolous. Neitzke, 109 S.Ct. at 1831; McKeever v. Block, 932 F.2d 795, 797 (9th Cir.1991); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We review de novo a determination of the district court that a claim is frivolous. Jackson, 885 F.2d at 640.
 A complaint filed in forma pauperis is frivolous where it lacks an arguable basis either in law or in fact. Neitzke, 109 S.Ct. at 1831. Section 1915(d) thus allows judges to dismiss in forma pauperis claims "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." Id. at 1833.
 An in forma pauperis complaint, however, is not automatically frivolous so as to warrant sua sponte dismissal pursuant to statute because the complaint fails to state a claim. Neitzke, 109 S.Ct. at 1834. When a complaint raises an arguable question of law, dismissal on the basis of Rule 12(b)(6) may be appropriate, but dismissal on the basis of frivolousness is not. Id. at 1833. An indigent plaintiff with an arguable claim is entitled to issuance of process and the opportunity to amend his claim before a motion to dismiss is ruled upon. Id. at 1834.
 There was no issuance and service of process in this case, and therefore, Gilbert's complaint could only be properly dismissed if his claims lack an arguable basis in law and fact. The district court stated that it was dismissing the complaint because Gilbert had failed to state a claim for deliberate indifference to his serious medical needs. The district court also stated that, in any event, Gilbert's claim of deliberate indifference to his serious medical needs lacked basis in either fact or law.
 We cannot agree that on their face Gilbert's claims alleging deliberate indifference on the part of prison officials to his medical needs lack an arguable basis. If the failure to transport Gilbert to surgery and the other alleged wrongs caused permanent damage to his finger, and it was the result of deliberate indifference on the part of prison officials to Gilbert's serious medical needs, then he arguably has alleged a cruel and unusual punishment claim under the Eighth Amendment. It cannot be said that these claims are frivolous on their face.
 With regard to the claims against the physicians, Gilbert is alleging that the doctors misdiagnosed or inadequately treated his injury. The allegations of mere negligence lack an arguable basis in either fact or law. The district court properly dismissed those claims.
 Gilbert's claims against the State of Arizona, the ADOC, the Rincon Unit and the Tucson Unit are barred by the Eleventh Amendment. Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); cf. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2308-09, 105 L.Ed.2d 45 (1989) (neither a state nor its officials acting in their official capacities are "persons" under § 1983). Gilbert's claims against the state and its agencies are therefore without an arguable legal basis.[2]
 CONCLUSION
 The district court's judgment is affirmed as to the State of Arizona, the three state agencies, and the two treating physicians, and reversed as to all other defendants. We remand the case for issuance and service of process as to those remaining defendants. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1830-31, 104 L.Ed.2d 338 (1989).
 AFFIRMED in part, REVERSED in part and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It is not clear from the complaint whether Dr. Castaros is a Rincon Unit doctor. The district court treated both Dr. Castaros and Dr. Medlen as non-State officials
 
 
 [2]
 Gilbert's complaint alleges claims against all defendants in their individual as well as official capacities. The action seeks damages under 42 U.S.C. § 1983. Gilbert's claims against the prison officials, acting in their individual capacities, may be asserted under section 1983, Hafer v. Melo, --- U.S. ---, 60 U.S.L.W. 4001, 4004 (Nov. 5, 1991), and are not barred by the Eleventh Amendment. Id