967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George SASSOWER, for the Use and Benefit of USA, Plaintiff-Appellant,
v.
GENERAL INSURANCE COMPANY OF AMERICA, et. al., Defendants-Appellees.
 No. 91-35750.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 2, 1992.
 
 1
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 George Sassower appeals pro se[1] the district court's dismissal of his action as frivolous pursuant to 28 U.S.C. § 1915(d). Sassower contends that members of the judiciary in the Second Circuit Court of Appeals, the United States District Court for the Southern District of New York, and the United States District Court for the Western District of Washington conspired with General Insurance Company of America to freeze his assets and deny him access to the courts in retaliation for his activities in exposing judicial corruption. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 4
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 328 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A frivolous complaint is one that lacks an arguable basis either in law or in fact. McKeever, 932 F.2d at 798. Before dismissing a complaint, the district court must give a pro se litigant an opportunity to amend, unless it is absolutely clear that the complaint's deficiencies cannot be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). We review a district court's dismissal under section 1915(d) for an abuse of discretion. Denton v. Hernandez, No. 90-1846, 60 U.S.L.W. 4346, 4348 (May 4, 1992).
 
 
 5
 "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Neitzke v. Williams, 490 U.S. 319 (1989); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986). Sassower's allegations appear to concern the Second Circuit's and the United States District Courts' dismissals of his action against Puccini Clothes, Ltd. of New York City ("Puccini") as well as the Second Circuit's order enjoining him from filing any papers regarding Puccini in the Second Circuit. See Sheriff v. Westchester County, 824 F.2d 184, 186 (2nd Cir.1987) (Sassower held in civil and criminal contempt for violating orders enjoining him from filing actions related to the dissolution of Puccini).
 
 
 6
 Dismissal of an action is a judicial act within the court's jurisdiction, and therefore immunity applies. See Ashelman, 793 F.2d at 1075. Because Sassower's complaint lacks an arguable basis in law and because the complaint's deficiencies cannot be cured by amendment, the district court did not abuse its discretion by dismissing the complaint as frivolous. See Hernandez, 92 60 U.S.L.W. at 4348; Noll, 809 F.2d at 1448.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Sassower, although an attorney, was disbarred in 1987. See In re Disbarment of Sassower, 481 U.S. 1045, (1987)