967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon SMITH, Petitioner-Appellant,
v.
STATE OF CALIFORNIA, Respondent-Appellee.
 No. 91-15502.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1992.*
Decided June 18, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Smith, a California state prisoner, appeals pro se the district court's sua sponte dismissal without prejudice of his 42 U.S.C. § 1983 action pursuant to Fed.R.Civ.P. 41(b) for failure to comply with a court order to amend the complaint.[1] The district court dismissed the initial complaint for failure to comply with Fed.R.Civ.P. 8. We review for an abuse of discretion, Denton v. Hernandez, 60 U.S.L.W. 4346, 4348 (May 4, 1992); McKeever v. Block, 932 F.2d 795, 797 (9th Cir.1991), and we affirm.
 
 
 3
 A district court may dismiss an action sua sponte before service of process for an unreasonable failure to prosecute. Id. A refusal to file an amended complaint is not an unreasonable failure to prosecute if the first complaint was dismissed erroneously. Id.
 
 
 4
 In his complaint, Smith apparently was attempting to state a claim against the State of California based on circumstances arising out of alleged environmental pollution. The magistrate dismissed his original complaint with leave to amend for failure to comply with the requirements of Fed.R.Civ.P. 8(a)(2).
 
 
 5
 We review for abuse of discretion dismissal of the complaint for failure to comply with Rule 8. Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir.1981). Rule 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A district court may dismiss an action for a pro se party's failure to comply with Rule 8(a) provided that meaningful, less drastic alternatives have been explored. Nevijel, 651 F.2d at 673-74.
 
 
 6
 Here, the complaint was almost completely unintelligible. The magistrate explored alternatives less drastic than dismissal by instructing Smith on how to cure the deficiencies of his complaint. See id. The magistrate explained to Smith exactly what he needed to do to cure the deficiencies of his complaint and avoid dismissal of the action. Despite the magistrate's instructions, Smith declined to amend his complaint.
 
 
 7
 Therefore, the district court did not abuse its discretion by dismissing the complaint with leave to amend in the first instance, see id. at 674, or by dismissing the action without prejudice for failure to comply with the order to amend the complaint, see McKeever, 932 F.2d at 799.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court's dismissal of the action without prejudice is a final appealable order. See United States v. Wallace & Tiernan Co., 336 U.S. 793, 794-95 n. 1 (1949); Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985)