980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Johnny REED, Plaintiff-Appellant,
v.
OREGON HEALTH SCIENCES UNIVERSITY; Romera, Jail Doctor;
Paul Puziss, Doctor; Holladay Park Hospital,
Defendants-Appellees.
 No. 92-35530.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 1, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Johnny Reed, an Oregon state prisoner, appeals pro se the district court's 28 U.S.C. § 1915(d) dismissal of his 42 U.S.C. § 1983 complaint alleging that various medical doctors joined in a conspiracy to poison him. Reed seeks damages in the amount of twenty million dollars. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we affirm.[1]
 
 
 3
 An in forma pauperis complaint may be dismissed sua sponte before service of process under section 1915(d) only if it is frivolous. Nietzke v. Williams, 490 U.S. 319, 324 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A complaint is frivolous "where it lacks an arguable basis in law or fact." Nietzke, 490 U.S. at 325. Accordingly, the district court may dismiss a complaint that is based on meritless legal theory, or factual contentions that are clearly baseless. Neitzke, 490 U.S. at 327. "Baseless" claims subject to sua sponte dismissal include those "describing fantastic or delusional scenarios." Id. at 328; McKeever, 932 F.2d at 798. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 112 S.Ct. at 1733.
 
 
 4
 Here, Reed contends that nineteen years ago, when he was on trial for a bank robbery, he was forced to write a letter denouncing the United States. According to Reed, the letter was made public and turned "the people" against him. As a result, he was given poison by the "public," acting under the influence of the "police." When Reed sought treatment at various medical centers for the illnesses that resulted from the poisoning, the doctors who treated him joined in the conspiracy by refusing to properly diagnose the source of his illnesses, and by continuing to prescribe poison, rather than proper medication.
 
 
 5
 The district court found that the factual allegations in Reed's complaint were irrational and wholly incredible. We agree. Accordingly, the district court did not abuse its discretion by dismissing Reed's action as frivolous. See Denton, 112 S.Ct. 1734.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although an order dismissing a complaint is not generally a final appealable order, we have jurisdiction over this appeal because the district court determined that the complaint could not be saved by amendment and dismissed it with prejudice. See Scott v. Eversole Mortuary, 522 F.2d 1110, 1112 (9th Cir.1975)