995 F.2d 230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard William CLAXTON, Plaintiff-Appellant,
v.
Samuel A. LEWIS, Director, Department of Corrections; et
al., Defendants-Appellees.
 No. 92-16741.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard William Claxton, an Arizona state prisoner, appeals pro se the magistrate judge's order striking Claxton's motion for entry of default and summary judgment. We dismiss this appeal for lack of jurisdiction.
 
 
 3
 "Article III of the United States Constitution imposes limitations upon the role which the magistrates, who are not Article III judges vested with life tenure or salary protections, can play.... [W]ith respect to dispositive matters, a magistrate is only permitted to make recommendations for final disposition by an Article III judge." McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991).
 
 
 4
 Here, there is no final appealable order because the district court did not approve and adopt the magistrate judge's order, see id., and because the parties did not consent to proceeding before a magistrate judge pursuant to 28 U.S.C. § 636(c). Moreover, even had the district court approved the magistrate judge's order, we would lack jurisdiction to consider this appeal because an order denying a motion for a default is not a final appealable order. See Bird v. Reese, 875 F.2d 256, 256 (9th Cir.1989).[1]
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Claxton is attempting to appeal the district court's previous orders, his appeal of those orders is untimely. See Fed.R.App.P. 4(a)