996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ben J. KATO, Plaintiff-Appellant,
v.
Neil GOLDSCHMIDT; Barbara Roberts, Governor, State of
Oregon, Defendants-Appellees.
 No. 93-35287.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 18, 1993.
 
 Before CANBY, FERNANDEZ and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Oregon State Hospital inmate Ben J. Kato appeals pro se the district court's 28 U.S.C. § 1915(d) dismissal as frivolous of his 42 U.S.C. § 1983 action alleging that he was denied his request for a pardon without adequate explanation and that he was denied adequate medical care. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and reverse and remand in part.
 
 
 3
 We review the district court's determination that a complaint is frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 In his complaint, Kato claims that defendants wrongfully denied his request for a pardon. Under Oregon law, the grant of a pardon by the governor is a discretionary act. See Or.Rev.Stat. § 144.640. Thus, because Kato has no right or entitlement to a pardon under state law, the denial of the pardon does not constitute a deprivation of liberty within the meaning of the fourteenth amendment and cannot serve as the basis for a section 1983 claim. See Hyland v. Wonder, 972 F.2d 1129, 1142-43 (9th Cir.1992). Accordingly, the district court did not err by dismissing this claim as frivolous. See McKeever, 932 F.2d at 798.
 
 
 5
 Kato also claims that he was denied adequate medical treatment. He appears to allege that he was given the wrong medications and that his knee injury was not properly treated. Although Kato does not specifically allege that either defendant Goldschmidt or Roberts personally participated in the alleged denial of medical treatment, the record before us does not permit the conclusion that this claim lacks an arguable basis in law or fact. See id. Accordingly, we reverse the district court's dismissal of this claim and remand for further proceedings.
 
 
 6
 AFFIRMED IN PART AND REVERSED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3