12 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andre LEE, Plaintiff-Appellant,
v.
Deputy CHAVEZ, et al., Defendants-Appellees.
 No. 93-15766.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 3, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andre Lee, a California state prisoner, appeals pro se the district court's summary judgment against him in his 42 U.S.C. Sec. 1983 action. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and affirm.
 
 
 3
 Lee contends that the defendants violated his first amendment rights by failing to accept a group grievance. This contention lacks merit.
 
 
 4
 In opposing a summary judgment motion, the adverse party may not rely upon the mere allegations of his pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). There is no genuine issue for trial where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S., 574, 586 (1986) (citations omitted).
 
 
 5
 To establish a violation of the first amendment, an inmate must show both that the type of activity he engaged in was protected under the first amendment and that the state impermissibly infringed on his right to engage in the protected activity. See Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985). "Any infringement on prisoners' constitutional rights must be reasonably related to legitimate penological interests." Casey v. Lewis, No. 91-16513, slip op. at 10573, 10581 (9th Cir. September 23, 1993) (citing Turner v. Safley, 482 U.S. 78, 89 (1987)). Four factors are relevant in determining the reasonableness of the regulation at issue: "(1) whether there is a valid rational connection between the prison policy and the legitimate governmental interest put forward to justify it; (2) whether there are alternative means of exercising the right; (3) the impact that accommodation of the constitutional right will have on guards, on other inmates, or on the allocation of prison resources; and (4) whether the regulation or policy is an 'exaggerated response' to prison concerns." Casey, slip op. at 10582 (citing Turner, 482 U.S. at 89-90).
 
 
 6
 Here, Lee argues that the defendants' refusal to accept a group grievance impinged on his first amendment rights. We find no authority supporting the existence of this right. Although a prisoner has a right to petition the government for redress of grievances, see Hudson v. Palmer, 468 U.S. 517, 523 (1984), a prisoner does not necessarily have a constitutional right to a particular grievance procedure. See Jones v. North Carolina Prisoners' Labor Union, Inc., 433 U.S. 119, 130 n. 6 (1977) (first amendment speech rights barely implicated where the state affected one of several ways in which inmates could voice their complaints to prison officials). Thus, Lee's argument lacks merit because there is no authority supporting a first amendment right to a group grievance procedure. See id.; Rizzo, 778 F.2d at 531.
 
 
 7
 Moreover, even if the prohibition against accepting group grievances does impinge on a constitutional right, the prohibition is reasonably related to the legitimate penological interest of efficient prison administration of inmate grievances. See Casey, slip op. at 10581-10582. Applying the Turner test, all four factors weigh in favor of the reasonableness of the defendants' policies. First, there is a valid rational connection between the prison policy and a legitimate governmental interest. The prohibition on group grievances promotes efficient prison administration given the comprehensive recording and response procedures for inmate grievances. Second, inmates have an alternative means of exercising their rights because each inmate may file an individual grievance.
 
 
 8
 Third, the accommodation of a group grievance would require the jail to allocate additional prison resources to administer the grievance procedures. Finally, the prohibition on group grievances is not an exaggerated response because Lee has not demonstrated that an easy alternative exists which may be implemented at a de minimis cost. Accordingly, the district court did not err in granting summary judgment for the defendants on Lee's first amendment claim. See Celotex Corp., 477 U.S. at 323; Casey, slip op. at 10581-10582; Turner, 482 U.S. at 89-90.
 
 
 9
 Lee also contends that the defendants violated his due process rights by prohibiting group grievances. This contention lacks merit.
 
 
 10
 A state may create liberty interests protected by the fourteenth amendment if it enacts prison regulations and policies that create "substantive limitations on official discretion." Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir.1993) (citations omitted). Here, Lee attempted to file a group grievance while incarcerated at the Santa Rita jail. Although the regulation governing state prisons provides for a group grievance procedure, the regulation governing local detention facilities only provides for the filing of individual grievances. Compare Cal.Code Regs. tit. 15 Sec. 3084.2(f) (1993) with Cal.Code Regs. tit. 15 Sec. 1073 (1993). Since Lee was incarcerated in a local detention facility, the provisions of Cal.Code Regs. tit. 15 Sec. 1073 applied to him. Accordingly, the district court did not err in granting summary judgment for the defendants on Lee's due process claim. See Smith, 994 F.2d at 1405.
 
 
 11
 Lee also contends that the district court erred in granting summary judgment on his claims of cruel and unusual punishment and ineffective grievance procedures. The district court held that these claims were not properly before the court because Lee failed to allege these claims in his complaint. Lee's contention lacks merit.
 
 
 12
 A pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988) (citation omitted). While the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give the defendants fair notice of the claims against them. McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991) (citations omitted); see also Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 113 S.Ct. 1160, 1163 (1993) (explaining that Fed.R.Civ.P. 8(a)(2) requires plaintiff to give defendant fair notice of plaintiff's claim and grounds upon which it rests).
 
 
 13
 Here, Lee failed to set forth any allegations in his complaint to support either a claim of cruel and unusual punishment or ineffective grievance procedures. Lee referred to the temperature in his cell but only to show that he had a valid basis for filing a group grievance. Lee neither alleged that the defendants' conduct amounted to cruel and unusual punishment nor did he offer grounds to support such a claim. Likewise, Lee referred to group grievances, but only to support his claim that the defendants violated his civil rights by refusing to accept a group grievance. Lee did not allege that the group grievance procedures themselves were ineffective. Thus, even under a liberal construction of Lee's complaint, the defendants did not receive fair notice of Lee's claims of cruel and unusual punishment or ineffective grievance procedures. See Fed.R.Civ.P. 8(a)(2); McKeever, 932 F.2d at 798; Karim-Panahi, 839 F.2d at 623.[1]
 
 
 14
 Moreover, Lee cannot raise these claims for the first time in opposition to the defendants' motion for summary judgment. The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 586 (citing Advisory Committee Note to 1963 Amendment of Fed.R.Civ.P. 56(e)). This rule presupposes that the pleadings contain all of the plaintiff's claims for relief and are therefore suitable for "piercing." Accordingly, the district court did not err in granting summary judgment in favor of the defendants on the claims of cruel and unusual punishment or ineffective grievance procedures. See Matsushita, 475 U.S. at 586; Fed.R.Civ.P. 56(e).
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In the initial order serving Lee's complaint, the district court specifically found that Lee had stated a cognizable claim because Lee alleged that the defendants refused to accept his group grievance. However, the district court did not find any other cognizable claims. Lee neither objected to the characterization of his complaint nor did he attempt to file an amended complaint. Thus, Lee conceded that his only cognizable claim arose out of the defendants' refusal to accept a group grievance
 In addition, the district court noted in the order granting summary judgment in favor of the defendants, that Lee was not precluded from filing a new action for issues which were not properly raised in his original complaint.