15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sheila WAINSCOTT; Chad Wainscott, Minor; Mark Wainscott,
Minor, Plaintiffs-Appellants,
v.
HOME SAVINGS OF AMERICA, Defendant-Appellee.
 No. 93-55822.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 11, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sheila Wainscott appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal without prejudice of her action against Home Savings of America apparently alleging that it improperly repossessed her house during the pendency of and following bankruptcy proceedings. Wainscott also sought to set aside a state court judgment apparently regarding the same property. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under section 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). We review the district court's determination that a complaint is frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A claim is legally frivolous if it is based on an indisputably meritless legal theory. Neitzke, 490 U.S. at 327. In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 Our review of Wainscott's complaint support's the district court's dismissal of her action. In her complaint Wainscott seeks to set aside a state court judgment regarding repossession of her property. Because a federal district court lacks jurisdiction to review state court judgments, dismissal of this claim was proper. See Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir.1986). Wainscott also seeks damages for "breach of oral contract/false representations" also in connection with the repossession of her property. As the district court correctly concluded, however, there is no jurisdiction in federal court for these state law claims because diversity of citizenship among the parties is lacking. See 28 U.S.C. Sec. 1332. Finally, to the extent Wainscott seeks to challenge bankruptcy court proceedings, the proper avenue is an appeal to the district court rather than the filing of a new action. Accordingly, the district court did not abuse its discretion by dismissing Wainscott's action. See Neitzke, 490 U.S. at 327-28.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3