70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Donald Edward Larue JOHNSON, Jr., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-36012.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 16, 1995.*
Decided Dec. 4, 1995.
 
 Before: SCHROEDER, FLETCHER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donald Edward LaRue Johnson, Jr., appeals pro se the district court's dismissal for failure to state a claim of his amended complaint seeking damages and an apology from the United States for human rights violations against African slaves and their descendants. We have jurisdiction under 28 U.S.C. Sec. 1291. Based on the opinion in Cato v. United States, Nos. 94-17102, 94-17104, slip op. 15157 (9th Cir. Dec. 4, 1995), which we are filing together with this disposition, we affirm.
 
 
 3
 The district court's designation of a magistrate judge to submit proposed findings and recommendations does not violate Article III or the separation of powers doctrine. See 28 U.S.C. Sec. 636(b); United States v. Raddatz, 447 U.S. 667, 683 (1980) (delegation to magistrate judge "does not violate Art III so long as the ultimate decision is made by the district court"); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991) (Article III permits magistrate judges to make recommendations for de novo review and final disposition by Article III judge); Pacemaker Diagnostic Clinic v. Instromedix, 725 F.2d 537, 544-47 (9th Cir.) (en banc) (noting control of magistrate judges by Article III judges and holding there to be no violation of separation of powers), cert. denied, 469 U.S. 824 (1984). The district court did not have subject matter jurisdiction over the complaint. Johnson has made no showing that the United States has unequivocally consented to be sued under the UN Charter or the Human Rights Code. See The Head Money Cases, 112 U.S. 580, 598 (1884) (treaty violations are normally to be redressed outside the courtroom). Consequently, the United States is immune from his suit. F.D.I.C. v. Meyer, 114 S.Ct. 996 (1994).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3