CAPA, INC., Plaintiff,

v.

ANCHORAGE CHRYSLER CENTER, INC. HEALTH & WELFARE PLAN, Defendant–third–party–plaintiff–appellant,

and

Jeanne B. Edwards; Health & Welfare Benefits for Employees & Dependents, Defendants-third-party-plaintiffs,

v.

Great West Life & Annuity Insurance Co., Defendant–third–party–defendant–Appellee.

No. 00–36105.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 4, 2004.

Decided Oct. 7, 2004.

Randall G. Simpson, Esq., Jermain Dunnagan & Owens P.C., Anchorage, AK, for Defendant-third-party-plaintiff—appellant.

David S. Carter, Esq., Hughes, Thorsness, Gantz, Powell & Brundin LLC, Anchorage, AK, for Defendant-Third-Party-Defendant–Appellee.

Before: D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

## MEMORANDUM *

Anchorage Chrysler Center ("ACC") appeals the district court's judgment in favor of Great–West Life & Annuity ("Great–West") on its third-party indemnity claim. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

## I

■ The district court did not err in not awarding equitable relief to ACC pursuant to ERISA, 29 U.S.C. § 1132(a)(3). ACC did not seek equitable relief under ERISA in its complaint, nor in any of its other pleadings. Rather, ACC sought relief exclusively based on state common law theories, namely as waiver, equitable estoppel, violation of the covenant of good faith and fair dealing, and breach of contract. We cannot say that the district court erred in failing to award relief that the plaintiff did not seek, and we decline to entertain this theory for the first time on appeal. *Vincent v. Trend Western Technical Corp.,* 828 F.2d 563, 570 (9th Cir.1987).

ACC argues that it preserved this issue by referencing ERISA in its pleadings and raising general arguments about the underlying policy of ERISA. However, these fleeting references fall considerably short of the requirement that the complaint provide fair notice to the defendant of the claims against it. *McKeever v. Block,* 932 F.2d 795, 798 (9th Cir.1991); *see also* Fed.R.Civ.P. 8(a) (requiring that a complaint contain a "short and plain state-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment" showing that the pleader is entitled to relief).

## II

█ The district court did not err in granting summary judgment to Great–West on ACC's claim that it waived application of the indemnity provisions of the Great–West/ACC contract. Waiver is the "intentional relinquishment of a known right." *State Dep't of Revenue ex rel. Valdez v. Valdez,* 941 P.2d 144, 152 n. 9 (Alaska 1997). ACC argues that Great–West waived application of the indemnity provisions in a letter sent by Great–West counsel. However, the letter is only a confirmation of an oral conversation. There is nothing in the summary of the conversation or the letter that mentions waiver, or in any other manner indicates an intentional relinquishment of a known right. Further, the contract between ACC and Great–West provides expressly that the rights set forth in the contract "cannot be changed or waived except by written agreement" signed by the President or a Vice–President and the Secretary or an Actuary. No such signed writing exists, and moreover, the record does not support treating the communications between Great–West and ACC as indicating a willingness on the part of Great–West to relinquish any of its contractual rights.

█ Nor did the district court err in granting summary judgment on the theory of equitable estoppel based on the same facts. The elements of a claim for equitable estoppel are: "(1) representation of a position by conduct or word; (2) reasonable reliance thereon by another party; and (3) resulting prejudice." *Valdez,* 941 P.2d at 152 n. 9. Even viewing the one paragraph confirmation letter in the light most favorable to the plaintiff, there is no clear representation that Great–West would provide coverage without any reser-

vation. As the district court correctly observed, "There is nothing in the 1995 letter that precludes Great–West from now asserting the ACC owes Great–West indemnity." Thus, although the communication between the parties was hardly a model of clarity, the district court correctly granted summary judgment on the claim of equitable estoppel.

█ The district court did not err in granting summary judgment on ACC's claim of violation of the covenant of good faith and fair dealing, which is implied in every insurance contract under Alaska law. *Jackson v. American Equity Ins. Co.,* 90 P.3d 136, 142 (Alaska 2004). Under Alaska law, the covenant of good faith and fair dealing requires "that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Id.* In this case, ACC argues that Great–West violated the covenant by rejecting its claim without a reasonable basis in law or fact. However, as the district court found, Great–West did have a reasonable basis, founded in law, to enforce the indemnity provision. Therefore, the district court properly granted summary judgment on this issue, as well.

## III

█ The district court did not err in entering judgment in favor of Great–West after a bench trial. The district court correctly held that the terms of the indemnity provision were clear and unambiguous. The contract provided that:

> [t]he Employer shall indemnify, protect and hold the Company harmless from any loss, liability, claim or expense (including attorney's fees, court costs and expenses of litigation) arising from any act or omission of the Employer in connection with the Plan.

The district court found that losses at issue were caused by ACC failing to provide its employee proper notice of his right to continue to purchase coverage under the ACC health plan pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1161, *et. seq.* ACC argues that the indemnification provision was limited to instances of "bad faith;" however, the plain language of the contract does not contain that limitation. Indeed, the use of the phrase "any act or omission" would indicate an expansive interpretation, including negligent acts. Thus, given that ACC breached its duty under COBRA to provide notification of election of benefits, and that the breach was the proximate cause of the loss, the district court quite properly concluded that the loss was as a result of the "act or omission" of ACC. Under those circumstances, the indemnity provision was properly invoked.

## IV

In sum, the district court properly granted summary judgment on the state common law claims of waiver, equitable estoppel, and violation of the covenant of good faith and fair dealing. The court did not err in its findings of fact and conclusions of law as to ACC's breach of contract theories. Given the result, the district court also did not err in awarding attorneys' fees.

ACC did not preserve its argument that it was entitled to equitable relief under ERISA because it did not present that theory to the district court. For similar reasons, we decline to consider other alternative theories of liability discussed on appeal in briefing and oral argument that were not litigated before the district court.

AFFIRMED.