**William GUY, Plaintiff—Appellant,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., Defendants—Appellees.**

No. 04–16952.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted June 14, 2005.*

Decided June 24, 2005.

William Guy, Corcoran, CA, pro se.

Allen Robert Crown, Esq., Office of the California Attorney General, Department of Justice, Sacramento, CA, for Defendants–Appellees.

Before: KLEINFELD, TASHIMA, and THOMAS, Circuit Judges.

## MEMORANDUM **

William Guy, a California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C.1983 action alleging prison officials violated his civil rights and engaged in a conspiracy to deny him medical care after he injured himself. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and review for abuse of discretion the dismissal of an action for failure to amend the complaint to comply with Fed.R.Civ.P. 8(a), *McHenry v. Rennee,* 84 F.3d 1172, 1177 (9th Cir.1996). We reverse and remand.

In his amended complaint, Guy alleged that specific defendants delayed medical treatment for a month after he broke two ribs and an ankle, ignored his requests for further medical treatment, and filed false disciplinary reports against him as a result of his filing of administrative grievances about his injuries. The district court improperly dismissed this action, because the amended complaint states claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment, *see Lopez v. Smith,* 203 F.3d 1122, 1131–32 (9th Cir.2000) (en banc), and retaliation,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*see Bruce v. Ylst,* 351 F.3d 1283, 1288 (9th Cir.2003). Moreover, the complaint adequately identifies the defendants involved in these claims. *See McKeever v. Block,* 932 F.2d 795, 798 (9th Cir.1991) ("All that is required [by Rule 8(a)] are sufficient allegations to put defendants fairly on notice of the claims against them.").

On remand, the district court may advise Guy to clarify factual allegations relating to his conspiracy claim. *See Karim–Panahi v. Los Angeles Police Dep't,* 839 F.2d 621, 624–26 (9th Cir.1988) (advising the district court on how to instruct a pro se litigant to amend his complaint, and holding "[a] mere allegation of conspiracy without factual specificity is insufficient").

We decline to entertain Guy's March 9, 2005 motion for appointment of counsel because this court's December 14, 2004 order denied appointment of counsel and stated no motions for reconsideration of that denial would be filed or entertained.

REVERSED and REMANDED.

KLEINFELD, Circuit Judge, dissenting.

I respectfully dissent. Plaintiff was given the opportunity to amend his complaint in order to comply with the "short and plain" requirement of Rule 8. He failed to do so. The district court acted within its discretion under the Rule and should not be imposed upon to construct a complaint out of a lengthy and incomprehensible screed.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).