only permits evidence that a witness "has been convicted of a crime."

**AFFIRMED.**

Russell COHEN, Plaintiff—Appellant,

v.

Sharon SUMMERVOLD; R. Bryant, Defendants—Appellees.

No. 06–17039.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed May 1, 2008.

Russell Cohen, Ely, NV, pro se.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Russell Cohen appeals pro se from the district court's judgment dismissing with prejudice, pursuant to 28 U.S.C. § 1915(e), his 42 U.S.C. § 1983 action alleging prison guards violated his constitutional rights. We have jurisdiction pursuant to 28 U.S.C.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1291. We review for an abuse of discretion the district court's dismissal with prejudice for failing to comply with a court order to amend the complaint. *Yourish v. California Amplifier,* 191 F.3d 983, 989 (9th Cir.1999). We reverse and remand.

Cohen's pro se complaint alleged that defendants retaliated against him for filing grievances by refusing to provide him with forms and supplies, and by serving him with a notice of charges. The complaint further alleged that Cohen's First Amendment rights were chilled because he feared that if he tried to submit grievances, Officer Summervold would continue to serve him with notices of charges. Liberally construed and taken as true, these allegations state a claim for retaliation. *See Rhodes v. Robinson,* 408 F.3d 559, 563 n. 1, 567–68 (9th Cir.2005) (explaining that "a viable claim of First Amendment retaliation entails five basic elements: (1)[a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

The fact that Cohen continued to file grievances and federal actions despite the alleged retaliation cannot be used to determine that he failed to state a claim that his First Amendment rights were chilled, because the relevant question is whether defendants' actions would have chilled "a person of ordinary firmness from future First Amendment activities." *See id.* at 568 (citation and quotation marks omitted).

Because Cohen was entitled to stand on the allegations without further amendment, the district court abused its discretion by dismissing the complaint for failure to amend it. *See McKeever v. Block,* 932 F.2d 795, 797 (9th Cir.1991) ("The refusal to file a[n] ... amended compliant would not be unreasonable if the [original] complaint was dismissed erroneously.").

We also reverse the dismissal of Cohen's due process and equal protection claims because it is not clear that the deficiencies in the complaint with respect to those claims could not be cured through amendment. *See Yourish,* 191 F.3d at 990.

**REVERSED** and **REMANDED** for further proceedings consistent with this memorandum.