NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN HAWK,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al.,<br><br>       Defendants-Appellees. | No. 16-16885<br><br>D.C. No. 2:15-cv-02529-KJM-CKD<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted June 26, 2017[**]

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

California state prisoner Shawn Hawk appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action challenging the

circumstances under which he was denied parole. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Hawk's action because Hawk failed to allege facts sufficient to state a plausible due process claim, and failed to allege that he was otherwise "deprived . . . of rights secured by the Constitution or federal statutes" by "defendants act[ing] under color of state law." *Krainski v. Nev. ex. rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010) (elements of procedural due process claim); *WMX Techs., Inc. v. Miller*, 197 F.3d 367, 372 (9th Cir. 1999) (elements of § 1983 action); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (factual allegations must "state a claim to relief that is plausible on its face").

Contrary to Hawk's contentions, the magistrate judge has the authority to dismiss Hawk's original complaint with leave to amend. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("[A] magistrate can . . . dismiss a complaint with leave to amend without approval by the court.").

We reject as meritless Hawk's contention that the district court violated his rights to equal protection and access to the courts.

**AFFIRMED.**