996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Greg SCHULTZ, Plaintiff-Appellant,
v.
Sam LEWIS, Director, Department of Corrections, Defendant-Appellee.
 No. 92-15782.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner Greg Schultz appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 as frivolous under 28 U.S.C. § 1915(d).[1] Schultz contends that a prison policy requiring that correspondence sent to an inmate include the inmate's prison number as part of the address violates his first and fourteenth amendment rights. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.
 
 
 3
 We review the district court's determination that a complaint is frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." Turner v. Safely, 482 U.S. 78, 89 (1987). If, however, the inmate can demonstrate alternatives to the regulation that accommodate the inmate's constitutional rights with minimal effect on valid penological interests, a court may consider such alternatives as evidence that the regulation does not satisfy the reasonable relationship standard. Id. at 90.
 
 
 5
 Here, Schultz alleges that if correspondence addressed to him from outside of the prison does not have his inmate number on the envelope, it is automatically returned to the sender. Such a policy arguably impacts first amendment rights of both inmates and non-inmates because it effectively blocks communication between them simply for failure to include the inmate's number. Moreover, as far as we can tell on the scant record before us, the alleged policy may address purely administrative concerns rather than valid penological objectives. See Turner, 482 U.S. at 89. Accordingly, because it appears that Schultz's claim has an arguable basis in law, we reverse the district court's dismissal of the action, and remand for further proceedings. See McKeever, 932 F.2d at 798.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court dismissed the in forma pauperis complaint sua sponte before service of process. We review this dismissal as a dismissal under 28 U.S.C. § 1915(d). See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989)