2 F.3d 1157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert A. LYNCH, Plaintiff-Appellant,
v.
STATE OF ALASKA, Defendant-Appellee.
 No. 93-35061.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1993.*
Decided July 7, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert A. Lynch appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal as frivolous of his 42 U.S.C. Sec. 1983 action against the State of Alaska and several individuals. Lynch appears to challenge a state court holding that the taillights on Lynch's car were not functioning just prior to a collision with another car. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review the district court's determination that a complaint is frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 Here, the district court dismissed Lynch's initial complaint because the complaint sought review of an Alaska state court judgment. The court granted Lynch leave to amend and provided him with specific instructions and a sample complaint to show him what he needed to plead to cure the deficiencies in his initial complaint. In response to the court's order, Lynch filed a largely unintelligible amended complaint, presumably also seeking review of an unfavorable state court judgment. Lynch alleges no facts in his amended complaint, and, as the district court noted, appears to infer a violation from the fact that the state proceedings were not resolved in his favor. It is well established, however, that a district court may not review errors allegedly committed by state courts. MacKay v. Pfeil, 827 F.2d 540, 543 (9th Cir.1987). Accordingly, the district court did not abuse its discretion by dismissing Lynch's action as frivolous. See McKeever, 932 F.2d at 798.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3