999 F.2d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Byron S. WOOLLEY, Plaintiff-Appellant,
v.
James ROWLAND, Director; et al., Defendants-Appellees.
 No. 92-17120.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 6, 1993.*
Decided July 13, 1993.
 
 Before TANG, POOLE and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California state prisoner Byron S. Woolley appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action as frivolous. Woolley alleged that his constitutional rights were violated while he was temporarily housed at Folsom State Prison (Folsom) because, while there, he was subject to a prison policy that no warning shots are fired which created a hazard that he might be shot. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the district court's determination that a complaint is frivolous under 28 U.S.C. 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 In his initial complaint, Woolley sought declaratory and injunctive relief and damages on behalf of himself and other prisoners. He alleged that a Folsom policy that guards do not fire warning shots before aiming a weapon violates his and other prisoners' constitutional rights and violates an established prison regulation. The magistrate judge found that (1) Woolley could represent only himself and not the interests of other prisoners, (2) Woolley's claim was frivolous because the challenged policy states only that no warning shots are fired and not that no warnings are given at all before a weapon is aimed at a prisoner, and (3) there was no basis for injunctive relief because there was no significant threat of irreparable injury and because Woolley was no longer housed at Folsom and had shown no possibility of being returned to that prison. The magistrate judge granted Woolley leave to amend his complaint with specific instructions on what he needed to allege to present an actionable claim.
 
 
 5
 In his amended complaint, Woolley simply realleged the claims in his initial complaint. He again claimed that the alleged prison policy that no warning shots are given violates his constitutional rights because he has trouble hearing and walking. The magistrate judge found that prison officials' choice not to give a warning shot did not amount to a constitutional violation because other provisions for warnings, such as shouting or blowing a whistle, were still in place, and recommended dismissing the action as frivolous. Woolley filed objections to the magistrate judge's findings. Following a de novo review of the case, the district court adopted the magistrate judge's findings and recommendations and dismissed the action.
 
 
 6
 We agree with the magistrate judge's findings. Despite being given specific instructions and an opportunity to remedy the deficiencies in his initial complaint, Woolley has failed to demonstrate how the challenged prison policy violates his constitutional rights. Woolley also has failed to allege an actual injury as a result of the challenged policy to merit an award of damages. See Darring v. Kincheloe, 783 F.2d 874, 876-77 (9th Cir.1986). Finally, Woolley's claims for injunctive and declaratory relief are moot because he is no longer incarcerated at Folsom and has not shown that he may be returned there in the future. See id. at 876. Because Woolley's claims lack an arguable basis in law or fact, the district court did not err by dismissing his action as frivolous under section 1915(d). See McKeever, 932 F.2d at 798.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3