9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reynaldo HINOJOSA, Plaintiff-Appellant,
v.
Gregory M. GASSETT; William H. Redkey, Jr.; Unknown
Government Agents, Defendants-Appellees.
 No. 93-35530.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Reynaldo Hinojosa appeals pro se the district court's dismissal as frivolous of his civil rights action seeking damages for the alleged denial of his due process rights in the seizure of his car.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review for abuse of discretion the district court's sua sponte dismissal of an action as frivolous under 28 U.S.C. § 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under section 1915(d), a district court may dismiss an in forma pauperis complaint before service of process if the court is satisfied that the action is frivolous. Id. at 1730-31. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Where a litigant appears pro se, the court must construe the pleadings liberally, affording the litigant the benefit of any doubt. McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). If the litigant has an arguable claim, he is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989) (citing Neitzke, 490 U.S. at 328-29).
 
 
 4
 In his complaint, Hinojosa alleged that defendants violated his due process rights by seizing his car following his conviction on drug trafficking charges. A magistrate judge determined that the two assistant United States Attorney defendants were absolutely immune from suit for actions taken within their official capacity. The magistrate judge also found that Hinojosa's claims against the unnamed government agents lacked an arguable basis in law because these claims should have been raised in prior administrative forfeiture proceedings. After considering Hinojosa's objections to the magistrate judge's findings, the district court adopted these findings and dismissed the action under section 1915(d).
 
 
 5
 Because the prosecutors Hinojosa names were acting pursuant to their official authority, they are entitled to absolute immunity from Hinojosa's civil rights claims. See Ashelman v. Pope, 793 F.2d 1072, 1075-76 (9th Cir.1986). Additionally, Hinojosa does not challenge the dismissal of his claims against the unknown government agents on the ground that these claims should have been brought in prior administrative forfeiture proceedings. Accordingly, the district court did not abuse its discretion by dismissing Hinojosa's action as frivolous. See Neitzke, 490 U.S. at 325.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Hinojosa brought this action in district court under 42 U.S.C. § 1985(3), the district court correctly construed it as a Bivens claim. See Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)