9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sheila WAINSCOTT, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO, Office of the District Attorney, Child
Support Division; Ralph Fear, Defendants-Appellees.
 No. 93-55821.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sheila Wainscott[1] appeals pro se the district court's dismissal of her action as frivolous under 28 U.S.C. § 1915(d). We have jurisdiction under 28 U.S.C. § 1291,[2] and we affirm.
 
 
 3
 We review for abuse of discretion a district court's sua sponte dismissal of a case as frivolous under section 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Under section 1915(d), a district court may dismiss an in forma pauperis complaint before service of process if the court determines that the action is frivolous. Id. at 1730-31. A complaint is frivolous if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Where a litigant appears pro se, the court must construe the pleadings liberally, affording the litigant the benefit of any doubt. McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 In her complaint, Wainscott makes vague and conclusory allegations against Ralph Fear[3] and the County of San Diego, Office of the District Attorney (Child Support Division).[4] She alleges that the defendants (1) failed to warn her that a child support court order against her ex-husband would not be enforced or collected and "lied to the contrary," (2) refused to cooperate with federal and out-of-state authorities in enforcing and collecting the order, and (3) discriminated against Wainscott and abandoned her to "the danger zone with conscious indifference." Wainscott characterizes the action as involving civil rights violations, the Federal Torts Claims Act, discrimination, "U.S.C. § 1981," and "Criminal Hazardous Negligence." The district court determined that Wainscott's allegations lacked an arguable basis in law or in fact and dismissed the action.
 
 
 5
 After reviewing Wainscott's complaint, we conclude that the district court did not abuse its discretion by dismissing her action as frivolous. Wainscott's first two allegations relate to her dissatisfaction with the district attorneys' actions concerning a child support order. Because the decision to pursue a child support order is within the scope of the defendants' duties and involves their prosecutorial functions, the district attorneys are entitled to absolute quasi-judicial immunity. See Imbler v. Pachtman, 424 U.S. 409, 427 (1976); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678-79 (9th Cir.1984). As for her Federal Tort Claims Act ("Act") allegation, the Act applies to tort actions against the United States involving federal employees and agencies, not local government officials. See 28 U.S.C. §§ 1346(b), 2671, 2674. As to the 42 U.S.C. § 1981 claim, Wainscott has not alleged nor can the facts be construed to demonstrate intentional racial discrimination by the defendants. See Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1313 (9th Cir.1992), cert. denied, 113 S.Ct. 1644 (1993). Finally, as to the state law negligence allegation, no diversity jurisdiction exists, and the district court had the discretion to decline to exercise supplemental jurisdiction after dismissing all the federal claims over which it had original jurisdiction. See 28 U.S.C. §§ 1332, 1367(c)(3); Lavald, Inc. v. Palm Desert, 998 F.2d 680, 692 (9th Cir.1993). Thus, Wainscott's allegations cannot be construed to provide an arguable basis in law or in fact.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wainscott filed this action on behalf of herself and her minor children. Wainscott, however, is not an attorney and cannot represent her minor children on appeal. Because her children did not sign the notice of appeal, they are not parties to this appeal
 
 
 [2]
 The district court dismissed Wainscott's case without prejudice. A dismissal of an action without prejudice is a final, appealable decision. See Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985)
 
 
 [3]
 Wainscott has not specifically identified Fear in her complaint, nor has she stated the capacity in which Fear is sued. From the substance of the complaint, however, it appears Fear was the one of district attorneys with whom Wainscott dealt
 
 
 [4]
 The district court construed Wainscott's complaint to include the Federal Office of Child Support ("FOCS") as a defendant because its name was handwritten in the caption of the complaint. We conclude, however, that Wainscott did not name the FOCS as a defendant because in the caption she wrote the word "attention" underneath the FOCS's name, as if to draw the matter to the FOCS's attention, and in the body of the complaint she specified that the office of the district attorney refused to cooperate with the FOCS, indicating her approval of the FOCS's actions