15 F.3d 1082
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Paul M. ALLEN, Plaintiff-Appellant,
v.
CHILDREN'S SERVICES DIVISION, Defendant-Appellee.
 No. 93-35001.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 23, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul M. Allen appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal as frivolous of his 42 U.S.C. Sec. 1983 action against the Children's Services Division of the State of Oregon, alleging that the agency unlawfully engaged in sexual conduct with his daughter. The district court found that dismissal was warranted because Allen's claim that a department of state government engaged in a sexual act has no merit, and the allegations in Allen's complaint can in no way be construed to "involve a person acting under color of state law committing the acts alleged." We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under section 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). We review the district court's determination that a complaint is frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke, 490 U.S. at 325; McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A claim is legally frivolous if it is based on an indisputably meritless legal theory. Neitzke, 490 U.S. at 327. A claim lacks an arguable basis in fact if it includes a fantastic or delusional scenario. Id. at 328. In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 In his complaint, Allen alleges that the defendant, a state government agency, engaged in sexual conduct with his minor daughter. Allen identifies the agency as the defendant and alleges that the entire agency engaged in the alleged conduct. On appeal, Allen challenges his conviction for the rape of his daughter. Even liberally construing Allen's claims, we find them to be fanciful, delusional, and legally frivolous. See Neitzke, 490 U.S. at 327-28. Accordingly, the district court did not abuse its discretion by dismissing Allen's action under section 1915(d).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Allen's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3