17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles M. BYERS, Plaintiff-Appellant,
v.
MARICOPA COUNTY SHERIFF'S OFFICE, Defendant-Appellee.
 No. 93-15879.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 Before: GOODWIN, SCHROEDER, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles M. Byers appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal as frivolous of his 42 U.S.C. Sec. 1983 action seeking an injunction requiring the Maricopa County sheriff to permit pretrial detainees to receive food packages. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed sua sponte before service of process under section 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). We review the district court's determination that a complaint is frivolous under section 1915(d) for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325; McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A claim is legally frivolous if it is based on an indisputably meritless legal theory. Neitzke, 490 U.S. at 327. In civil rights actions where the plaintiff appears pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 4
 Here, the district court dismissed Byers' initial complaint pursuant to the court's General Order No. 173 and stayed the action for ninety days to permit Byers to exhaust the administrative remedies of the "Inmate Grievance Process." The court instructed Byers that, following these administrative proceedings, he should submit an amended complaint attaching to it the results of the proceedings. The court also instructed Byers on what he needed to allege in his amended complaint in order to support his claims.
 
 
 5
 In response to the district court's order, Byers timely filed an amended complaint. The district court subsequently dismissed the action based upon its finding that shortly after Byers filed his amended complaint, he was transferred from the Maricopa County jail to a federal prison. Within three months of this transfer, Byers was released from custody altogether. The district court concluded that "[s]ince there is neither a reasonable expectation nor demonstrated probability that [Byers] will be returned to the Maricopa County jail system or that he will again be personally subjected to inferior food service in the Maricopa County jail system, his complaint for injunctive relief must be dismissed as moot." The court further concluded that "because there is no reasonable expectation that [Byers'] return to the Maricopa County jail system is inevitable, he cannot show a credible threat of immediate future harm and he therefore lacks standing to assert a claim for injunctive relief." We agree.
 
 
 6
 In his complaint, Byers sought an order requiring the Maricopa County sheriff to permit inmates to receive "up to three 25-pound packages of food as dietary supplements." There is no indication in the record, nor does Byers argue on appeal, that he has a reasonable expectation of returning to the Maricopa County jail.[1] Accordingly, Byers' claim for injunctive relief, the sole claim in his amended complaint, properly was dismissed as moot. See Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991) (where prisoner is released from custody while action is pending and has no reasonable expectation of returning to same correctional facility, any claim for injunctive relief regarding conditions of confinement is moot); Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir.1986) (same).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his notice of appeal, Byers contends that he has a reasonable expectation of returning to the Maricopa County jail because he has two criminal charges pending against him. This contention, however, was neither argued nor referred to in his appellate brief. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988); Fed.R.App.P. 28(a)(5) (appellant's brief must contain the "contentions of the appellant with respect to the issues presented, and the reasons therefor"). We also note that whatever the bases for Byers' contention, he failed to raise them before the district court. Accordingly, we decline to address this contention. See United States v. Rubulcada, 811 F.2d 491, 493 (9th Cir.), cert. denied, 484 U.S. 832 (1987)