17 F.3d 395
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James D. MACIEL, Petitioner-Appellant,
v.
James GOMEZ, Director; M. Pickett, Warden, et al.,
Respondents-Appellees.
 No. 93-55358.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1994.*
Decided Feb. 10, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James D. Maciel, a California state prisoner, appeals pro se the district court's sua sponte dismissal of his complaint prior to service of process pursuant to 28 U.S.C. Sec. 1915(d). The district court initially dismissed Maciel's complaint with leave to amend. After Maciel failed to file an amended complaint, the court dismissed the action. We review the district court's frivolousness determination and the dismissal for failure to file an amended complaint for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992); McKeever v. Block, 932 F.2d 795, 797 (9th Cir.1991). We vacate and remand.
 
 
 3
 A district court may dismiss an action sua sponte before service of process for an unreasonable failure to prosecute. McKeever, 932 F.2d at 797. A failure to file an amended complaint is not an unreasonable failure to prosecute if the first complaint was dismissed erroneously. Id.
 
 
 4
 A complaint may be dismissed prior to service of process only if it is frivolous. Id. A complaint is frivolous if "it lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A factual claim is frivolous if "the facts alleged rise to the level of the irrational or the wholly incredible." Denton, 112 S.Ct. at 1733. An indigent plaintiff with an arguable claim is entitled to issuance and service of process. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 5
 The test for whether a complaint is frivolous is less rigorous than the test for whether a complaint states a claim for which relief can be granted. Denton, 112 S.Ct. at 1733. A complaint that fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) may nonetheless have an arguable basis precluding dismissal under section 1915(d). Id.
 
 
 6
 In his complaint, Maciel alleged that prison officials violated his civil rights by refusing to give him soap and a towel and writing material so that he could write letters to his family. The district court found that Maciel had not stated a claim because he had not specifically detailed when and what each defendant did or failed to do. The appropriate legal standard, however, is not whether Maciel states a claim, but whether his claim is arguable. See id. Here, we cannot say that Maciel's claim lacks an arguable basis in law or in fact. See Neitzke, 490 U.S. at 325. Accordingly, Maciel is entitled to issuance and service of process. See Jackson, 885 F.2d at 640.
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3