53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Edward J. DAVIS, Plaintiff-Appellant,
v.
SAN FRANCISCO HOUSING AUTHORITY; Tenderloin Neighborhood
Development Corporation Board of Directors,
Defendants-Appellees.
 No. 94-16364.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 26, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward J. Davis appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. Sec. 1983 action prior to service of process. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand for issuance and service of process.
 
 
 3
 We review for abuse of discretion the district court's dismissal of an action pursuant to section 1915(d). Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). Section 1915(d) authorizes a district court to dismiss sua sponte an in forma pauperis complaint before service of process if the court is satisfied that the complaint is frivolous. Id. at 1733. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (distinguishing section 1915(d)'s standard from the failure to state a claim standard of Fed.R.Civ.P. 12(b)(6)). In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988). A pro se plaintiff with an arguable claim is entitled to issuance and service of process, even if the complaint does not state a claim under Fed.R.Civ.P. 12(b)(6). Denton, 112 S.Ct. at 1733; Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 4
 Here, Davis alleged in his complaint a variety of claims under the Constitution and state law against the County and City of San Francisco Housing Authority and others in relation to his receipt of a notice instructing him to quit operating a business from his room in a government-subsidized residential building or face eviction. Although the district court addressed these claims it did not determine they were frivolous. In addressing the basis for Davis' retaliation claim under Cal.Civ.Code Sec. 1942.5(c), for instance, the district court found Davis might be able to state a claim for wrongful retaliation under the First Amendment. However, the district court dismissed the claim because Davis had not shown any facts to support such a claim.
 
 
 5
 The district court may properly dismiss a complaint sua sponte prior to service of process only if it is frivolous. McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). Thus, the district court erred by dismissing Davis' action on the ground that he failed to state a claim. See id.; Jackson, 885 F.2d at 640. Furthermore, we cannot say from the face of Davis' complaint that his action is wholly frivolous. See Nietzke, 490 U.S. at 325. Accordingly, we vacate and remand for issuance and service of process.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Davis' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3