86 F.3d 1161
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward E. ALLEN, Plaintiff-Appellant,
v.
Milt HOWELL, Librarian of CRCI; Barbara McNeely, Program
Director of CRCI, Defendants-Appellees.
 No. 95-36005.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 20, 1996.*
Decided May 29, 1996.
 
 Before: BROWNING, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward E. Allen, a federal prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1915(d). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand for further proceedings.
 
 
 3
 We review the district court's sua sponte dismissal prior to service of process for abuse of discretion. See Denton v. Hernandez, 504 U.S. 25, 33 (1992). The district court may dismiss an in forma pauperis complaint pursuant to 28 U.S.C. § 1915(d) if it is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989); McKeever v. Block, 932 F.2d 795, 798 (9th Cir.1991). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325.
 
 
 4
 Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant proceeding in forma pauperis is entitled to notice and an opportunity to amend the complaint before dismissal. See Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir.1995) (per curiam); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987). Moreover, in civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir.1988).
 
 
 5
 Here, Allen alleged in his complaint that his constitutional rights were violated when a prison official retained copies of Allen's legal documents for his own use, distributed the copies to another prison official as well as to a prosecutor, and used the documents against Allen in prison disciplinary proceedings. Because Allen's allegations have an arguable basis in law, see Rizzo v. Dawson, 778 F.2d 557, 530-31 (9th Cir.1985); Casey v. Lewis, 43 F.3d 1261, 1269 (9th Cir.1994), cert. granted, 63 U.S.L.W. 3832 (U.S. May 22, 1995) (No. 94-1511), Allen's claim is not frivolous, see Neitzke, 490 U.S. at 325. Moreover, because it is not absolutely clear that no amendment would have enabled Allen to allege a constitutional violation, the district court abused its discretion by dismissing this claim without providing Allen with the opportunity to amend. See Karim-Panahi, 839 F.2d at 624-25; Noll, 809 F.2d at 1448.
 
 
 6
 Accordingly, we vacate and remand the action to the district court so that specific notice of the complaint's deficiencies and an opportunity to amend can be provided to Allen. See Lucas, 66 F.3d at 248.[1]
 
 
 7
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Allen was entitled to receive notice and an opportunity to amend, see Lucas, 66 F.3d at 248, we need not consider the applicability of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), in our disposition of this appeal. Upon remand, the district court should consider the applicability of the Act, if any