NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRIAN T. HILL, | No. 24-5189 |
| Plaintiff - Appellant, | D.C. No. 2:19-cv-08989-MWF-JC |
| v. | |
| RALPH DIAZ; JIM BONNIFIELD; B. LAYES; JOSIE GASTELO; L. WARREN; M. VOONG; B. NUNEZ; KOZAR; J. CHAVEZ; J. HERNANDEZ; V. CORREA; T. SCOTT; VEGA; G. CASTILLO; GARCIA; TALLEY; J. DAVIDSON; F. MOSS; D. P. IRWIN; A. STRAND; R. VALENCIA; D. YOUNG; B. ESCOBAR; K. MCCLATCHEY; H. BLAGG; M. AYON; J. STERKLE; R. GONZALEZ; D. MCALLISTER; J. STECK; D. SAMUEL; CONNIE GIPSON; K. J. ALLEN, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted April 22, 2026**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

California state prisoner Brian T. Hill appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action challenging his participation in and removal from a prison's religious diet program. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915A); *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed Hill's action because Hill failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Fuqua v. Raak*, 120 F.4th 1346, 1352 (9th Cir. 2024) ("An inmate asserting a Free Exercise claim must first show that he or she has a sincerely held religious belief that was impinged by government action."); *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (a supervisory official is liable under § 1983 if "there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and

internal quotation marks omitted)); *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (explaining that "a person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which" the plaintiff complains (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Hill's motions for entry of default and default judgment because defendants timely filed a motion to dismiss. *See* Fed. R. Civ. P. 55(a) (providing that default can be entered against a party only where that party "has failed to plead or otherwise defend"); *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (a default judgment is inappropriate if defendant indicates its intent to defend the action); *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment and explaining that "default judgments are ordinarily disfavored").

The district court did not abuse its discretion in denying Hill's motion for sanctions because Hill failed to demonstrate any basis for an award of sanctions. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 819 (9th Cir. 2009) (setting forth standard of review).

The district court did not abuse its discretion in denying as moot Hill's motion to certify a partial judgment under Federal Rule of Civil Procedure 54(b) because it had already dismissed the action and directed the clerk to enter final judgment. *See Blair v. Shanahan*, 38 F.3d 1514, 1522 (9th Cir. 1994) (setting forth standard of review).

The district court did not abuse its discretion in denying Hill's motion to vacate the judgment because Hill failed to demonstrate any basis for relief. *See Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for relief under Federal Rule of Civil Procedure 59).

The magistrate judge acted within her authority in dismissing the first amended complaint and portions of the second amended complaint with leave to amend and later issuing a report and recommendation to the district judge recommending dismissal of the action. *See McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (explaining that magistrate judges may rule on non-dispositive matters, including the dismissal of a complaint with leave to amend, without approval by the district court, and may make recommendations for final disposition to the district court); *see also Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 917 (9th Cir. 2003) (noting that "the magistrate judge's jurisdiction over any

pretrial nondispositive matters, including magistrate-recommended dispositions, is not contingent on litigant consent" (emphasis omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**